UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WADIE ISSAWI and HANAN ISSAWI,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMERICAN EDUCATION SERVICES and SHELLY K. BOWMAN,<br><br>    Defendants. | Case No. 17-cv-532-JPG-RJD |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants American Education Services ("AES") and Shelly K. Bowman (Doc. 11). Plaintiffs Wadie Issawi and Hanan Issawi have responded to the motion (Doc. 15).

**I.    Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

**II.     Background**

The Issawis filed this lawsuit after discovering that their names had been forged on several documents pertaining to student loans made by Charter One Bank, N.A. to Renee Issawi, the Issawis' daughter, and serviced by AES.[1]  One or the other of the plaintiffs co-signed for the loans when they were issued from 2004 to 2007, but they assert that Renee Issawi later forged their signatures on subsequent documents relating to forbearance of the loans.  As a consequence of the forbearance, payments on the principle were not made and interest accrued.

The Issawis first learned of the forgery when AES attempted to collect the loans in January 2016 and threatened to sue the Issawis if they did not start repaying the loans.  Bowman, an AES employee, apparently signed letters from AES to the Issawis in response to their inquiries about the loans after they discovered the forgery.  The Issawis filed this lawsuit in May 2017 because they believe AES's and Bowman's conduct violated the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, by giving effect to the forged documents, resulting in the accrual of interest and finance charges beyond what would have accrued without the deferrals.  They also accuse the defendants of being negligent in accepting and giving effect to the forged documents.

---

[1] A loan servicer, as opposed to the lender, is responsible for the day-to-day tasks needed to manage a loan and "typically processes your loan payments, responds to borrower inquiries, keeps track of principal and interest paid, manages your escrow account (if you have one)." *What's the difference between a mortgage lender and a servicer?*, Cons. Fin. Prot. Bureau (Sept. 13, 2017), https://www.consumerfinance.gov/ask-cfpb/whats-the-difference-between-a-mortgage-lender-and-a-servicer-en-198.

**III.    Analysis**

    A.    FCBA Claim

The Issawis' FCBA claim is subject to dismissal because the FCBA simply does not apply to the kind of loans at issue in this case.  The FCBA, part of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, is designed "to protect consumers against inaccurate and unfair credit billing and credit card practices."  *McLean v. Big Dog Grp., LLC*, No. CV 15-40-JWD-EWD, 2016 WL 3211514, at *10 (M.D. La. Mar. 11, 2016).  It provides that if a creditor sends an account statement to a consumer and the consumer believes the statement contains a billing error, the consumer may notify the creditor of the error, and the creditor must, within certain time limits, either correct the statement or explain to the consumer why the statement is correct.  15 U.S.C. § 1666(a).

The FCBA addresses billing practices and correction of billing errors in open end consumer credit plans such as credit card accounts.  *See id.*; *Wilkinson v. Wells Fargo Bank MN*, No. 06-C-1288, 2007 WL 1414888, at *3 (E.D. Wis. May 9, 2007), *aff'd*, 268 F. App'x 476, 2008 WL 681810 (7th Cir. 2008); *Roybal v. Equifax,* 405 F. Supp. 2d 1177, 1180 (E.D. Cal. 2005) ("creditor," as used in the FCBA only applies to creditors offering open end credit plans).  An open end credit plan means "a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance."  15 U.S.C. § 1602; *see Jeffries v. Dutton & Dutton, P.C.,* No. 05 C 4249, 2006 WL 1343629, at *6 (N.D. Ill. May 11, 2006).  The student loans at issue in this case do not qualify as open end credit plans because they each represent a one-time disbursement, anticipate a fixed number of defined payments and do not call for computation of a finance charge based on the outstanding

balance. Therefore, the loans are not governed by the FCBA. Because the statute does not apply, the Issawis do not plausibly suggest in their complaint that they have a right to relief under the FCBA.

B.      Negligence Claim

To the extent the complaint asserts a claim for negligence under Illinois state law, that claim will also be dismissed, but without prejudice as to AES. The Issawis essentially assert that AES was negligent in accepting and acting on the forged documents without adequate assurances that the Issawis' signatures were authentic. While it is true that there may be no duty under Illinois law to refrain from making a loan a borrower cannot afford, *see Whitley v. Taylor Bean & Whitacker Mortg. Corp.*, 607 F. Supp. 2d 885, 902 (N.D. Ill. 2009), the defendants have not convinced the Court that there is no duty to make a reasonable inquiry into whether a co-borrower's signature is authentic before disbursing or deferring a loan.

At this point, the complaint is sketchy as to what responsibility AES had for accepting and processing the loan forbearance documents for Renee Issawi's loans and what steps it took to reasonably perform that duty, if one existed. The current complaint certainly does not plead sufficient facts to plausibly suggest a right to relief on that basis. However, because the Court believes it may be possible to allege such a cause of action against AES – although not against Bowman individually, who simply responded to the Issawis' post-forgery letters – the Court will allow the Issawis to replead their negligence claim against AES. The Court strongly suggests the Issawis attempt to hire counsel familiar with consumer fraud law to assist them in moving forward with this case.

For the foregoing reasons, the Court:

- **GRANTS in part** and **DENIES in part** the defendants' motion to dismiss (Doc. 11);

4

- **DISMISSES with prejudice** the Issawis' claims under the FCBA;

- **DISMISSES with prejudice** the Issawis' negligence claim against Bowman;

- **DISMISSES without prejudice** the Issawis' negligence claim against AES;

- **ORDERS** that the Issawis shall have up to and including November 3, 2017, to file an amended complaint alleging facts plausibly suggesting a right to relief under a negligence theory against AES;

- **WARNS** the Issawis that if they fail to amend their complaint to allege a negligence theory against AES in a timely manner, the Court will dismiss the negligence claim with prejudice and will enter final judgment; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

Defendant Bowman is terminated from this case.

**IT IS SO ORDERED.**
**DATED: October 10, 2017**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**